UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:07-CR-111 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| TERRY KEITH CASE | ) | |

**REPORT AND RECOMMENDATION
REGARDING MOTION TO SUPPRESS ORAL STATEMENTS (DOC. 29)**

Defendant has filed a motion to suppress all oral statements he allegedly made to law enforcement officers on April 18, 2006 during the search of his residence. (Doc. 29).

This motion was referred to the United States Magistrate Judge for a report and recommendation under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on October 21, 2008.

Detective Brad Depew of the Hawkins County Sheriffs Office procured a search warrant for defendant's residence at 11:15 A.M. on April 18, 2006. The office of the issuing judge, David Brand, was in close proximity to defendant's business, a barber shop. Detective Brad Depew, the applicant for the search warrant, took the search warrant directly to defendant's barber shop where he and other officers showed the warrant to defendant, telling him what it was and what they intended to do. According to Detective Depew, defendant stated that all the officers would find when they searched was "some smoking dope" on the kitchen table. Depew acknowledges that this statement was unwarned. Defendant testified

that he never made this statement, which clearly is beyond the office of a suppression hearing; whether or not he made the statement is for the jury to decide. On the assumption that the statement was made as Depew testified (and the court believes him), defendant was not in custody or in its functional equivalent, and therefore, no warning was required. *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant's statement was spontaneously and voluntarily made, and it was not in response to any interrogation. Moreover, defendant was not in custody at the time, and no reasonable person would have believed under the circumstances that he was in custody.

Defendant testified that his freedom of movement was curtailed and that he believed that he was in custody. In this regard, he testified on cross examination that Depew told him, when Depew showed him the search warrant, "You're in trouble, I've got you this time, you're going to jail." Detective Depew testified to something starkly different; he testified that defendant asked him, "Will I go to jail?", to which Depew responded, "It depends on what we find." There is no need to belabor the point. Depew is believed, and defendant is not.

Defendant argues that he was intimidated and effectively coerced by the officers, as a result of which his statement was not voluntary. He testified that he wished to drive his own car, but was *ordered* to ride with Depew. Again, defendant is not believed. Rather, Depew offered defendant the opportunity to give him (Depew) the key to defendant's front door so that Depew would not have to kick it in. Defendant asked if he could ride with Depew to the house to observe the search, and Depew agreed.

The proof also shows that defendant was given his *Miranda* warnings after the search commenced, and that he made other statements subsequent to being given those *Miranda* warnings. He also made other statements the following day, April 19, 2006, subsequent to being given his *Miranda* warnings.

In short, defendant made no statement in response to custodial interrogation, or the functional equivalent of custodial interrogation, that requires suppression under *Miranda v. Arizona, supra*. Every statement he made was voluntary and free of any coercion.

It is respectfully recommended that defendant's motion to suppress his oral statements (Doc. 29) be denied.[1]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).